UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

*Electronically filed*

| | |
|---|---|
| VAPOR TECHNOLOGY ASSOCIATION, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> ALLYSON TAYLOR, *et al.*, <br><br> *Defendants* | Civil Action No. 3:24-cv-00074-KKC |

**MOTION TO INTERVENE AND FOR TIME TO FILE A PLEADING BY ATTORNEY GENERAL RUSSELL COLEMAN, ON BEHALF OF THE COMMONWEALTH OF KENTUCKY**

Attorney General Russell Coleman, on behalf of the Commonwealth of Kentucky, moves to intervene in this action as a matter of right, and seeks additional time to file a pleading.

Under Rule 24 of the Federal Rules of Civil Procedure, a "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a). The Sixth Circuit has said that a party seeking to intervene as of right "must establish that: '(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the

1

proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest.'" *Kirsch v. Dean*, 733 F. App'x 268, 274 (6th Cir. 2018) (quoting *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005)). The Attorney General can establish all four of these.

This action was filed by the Plaintiffs on December 12, 2024. The Attorney General seeks to intervene just one day later. Therefore, the motion to intervene is timely.

The Attorney General also has a substantial legal interest that may be impaired or not adequately represented in the absence of intervention. This action is a challenge to the constitutionality of one of Kentucky's duly enacted laws, 2024 House Bill 11. A "State 'clearly has a legitimate interest in the continued enforceability of its own statutes.'" *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277 (2022) (citation omitted). And Congress has recognized "[t]he importance of ensuring that States have a fair opportunity to defend their laws in federal court." *See id.* at 278 (citing 28 U.S.C. § 2403(b)).

In Kentucky, it is the Attorney General who is the "chief law officer" of the Commonwealth and who has the authority to represent the Commonwealth in all cases and the right "to be heard" in "any proceeding which involves the validity of a statute." *See id.* (citing Ky. Rev. Stat. § 15.020(1), (3)); Ky. Rev. Stat. § 418.075. The Attorney General has a substantial legal interest in ensuring House Bill 11 is defended. Indeed, the Attorney General is already involved in the defense of this same

law in the state courts, having already prevailed in the trial court. *See Derbecigs, LLC v. Taylor*, No. 24-CI-00374 (Franklin Cir. Ct.), *appeal pending sub nom. 723 Vape, Inc. v. Taylor*, No. 2024-CA-1060 (Ky. App.). The Commonwealth should have the opportunity to defend its law here as well.

Given the Plaintiffs' pending motions for a temporary restraining order and a preliminary injunction, and the substantial interest the Commonwealth has in defending its statutes, the Attorney General seeks leave to intervene now, and also permission to file the responsive pleading required by Rule 24(c) of the Federal Rules of Civil Procedure within 45 days after intervention is granted.

Respectfully submitted,

Russell Coleman
ATTORNEY GENERAL

/s/ Lindsey R. Keiser
Aaron J. Silletto (Bar #89305)
Lindsey R. Keiser (Bar #99557)
Jason P. Woodall (Bar #95013)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Aaron.Silletto@ky.gov
Lindsey.Keiser@ky.gov
Jason.Woodall@ky.gov

*Counsel for Attorney General Russell Coleman,
on behalf of the Commonwealth of Kentucky*

## CERTIFICATE OF SERVICE

    I certify that on December 13, 2024, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

                                             /s/ Lindsey R. Keiser
                                             *Counsel for Attorney General Russell Coleman,*
                                             *on behalf of the Commonwealth of Kentucky*