UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

**VAPOR TECHNOLOGY ASSOCIATION,** *et al.*,

    **Plaintiffs,**

v.

**ALLYSON TAYLOR,** *et al.*,

    **Defendants.**

**CASE NO. 3:24-CV-74-KKC**

**OPINION AND ORDER**

*** *** ***

On December 20, 2024, the Court held a motion hearing with the parties and raised *sua sponte* the issue of standing. Specifically, the Court was concerned that Vapor Technology Association, E-Town Marketing & Distributing, LLC, and Legendary Vapes Inc. (collectively, "Plaintiffs") did not have a "legally protected interest" for the purpose of standing. The Court then ordered briefing on the issue. Now that the issue has been fully briefed, the Court finds that Plaintiffs lack standing.

**I.**

In filing this action, Plaintiffs hoped to delay the enforcement of House Bill 11. *See generally* 2024 Ky. Acts ch. 111. This newly-enacted bill amended and added sections of the Kentucky Revised Statutes to regulate the sale of vapor products in the state, including but not limited to: (1) prohibiting manufacturers, wholesalers, and retailers from selling "unauthorized vapor products"; (2) requiring retailers to report to the Secretary of State whether they are involved in the retail sale of authorized vapor products; and (3) prohibiting the sale of authorized vapor or tobacco products to any person under 21 years of age. The Kentucky Department of Alcoholic Beverage Control (ABC) serves as the enforcement arm of this bill. Plaintiffs have thus challenged the constitutionality of House Bill 11, excluding the provision prohibiting the sale of vapor or tobacco products to persons under 21. Yet the burden falls to Plaintiffs to demonstrate that they have standing to pursue this action in federal court.

To show standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). And to establish injury in fact, the plaintiff "must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The Sixth Circuit has held that a "legally protected interest" exists for standing purposes when the plaintiff "has a right to relief if the court accepts the plaintiff's interpretation of the constitutional or statutory laws on which the complaint relies." *Gerber v. Herskovitz*, 14 F.4th 500, 507 (6th Cir. 2021) (quoting *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488 (6th Cir. 2021)). This aspect of standing is not an independent fourth requirement of standing, see *id.*, but rather part of showing a plaintiff has alleged an injury in fact. *Spokeo, Inc.*, 578 U.S. at 339.

Here, Plaintiffs argue that because they seek "injunctive and declaratory relief prohibiting Defendants from enforcing a state statute that is preempted by federal law" and the Court must take that interpretation as true under the *Gerber* analysis, they have asserted a legally protected interest.[1] Plaintiffs further point to *Armstrong v. Exceptional Child Center, Inc.*, in which the Supreme Court held that "if an individual claims federal law immunizes him from state regulation, the court may issue an injunction upon finding the state regulatory actions preempted." 575 U.S. 320, 326 (2015) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)). Yet even if the Court were to take Plaintiffs' interpretation as true, it cannot find that Plaintiffs have a right to relief because the actions that they allege House Bill 11 will impede are unlawful.

While not directly addressed by the Sixth Circuit, other federal circuits have explained that, in evaluating an alleged injury for standing purposes, it is appropriate to "consider whether the plaintiffs have a legal right to do what is allegedly being impeded." *Citizen Ctr. v. Gessler*, 770 F.3d 900, 910 (10th

---

[1] Plaintiffs rely on *Gerber* and *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488 (6th Cir. 2021), in making this argument. Notably, neither case have illegal conduct as the basis of their actions and are therefore distinguishable from the instant matter.

Cir. 2014) (citing *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1093 (10th Cir. 2006) (en banc)); *see also Aurora Loan Servs. v. Craddieth*, 442 F.3d 1018, 1024 (7th Cir. 2006) ("It is not enough that he claims to have been injured by the defendant's conduct. The alleged injury must be legally and judicially cognizable.") (quotation marks omitted). "For example, a plaintiff lacks standing to complain about his inability to commit crimes because no one has a right to commit a crime." *Id.* The Eleventh Circuit has further held that "[a] legally cognizable injury requires infringement of an interest . . . protected by statute or otherwise" and "[t]hat interest must consist of obtaining compensation for, or preventing, the violation of a legally protected right." *Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward*, 450 F.3d 1295, 1304 (11th Cir. 2006) (citations and internal marks omitted).

The selling of these "unauthorized vapor products" is, by the plain language of 21 C.F.R. § 1114.5,[2] unlawful conduct. When first confronted with this question of illegality at the motion hearing held on December 20, 2024, Plaintiffs' counsel conceded that "technically these [vapor] products do not comply with the FDCA." The Court would emphasize that if vapor products do not comply with the FDCA and are not authorized by the FDA, § 1114.5 forbids them from being introduced into interstate commerce.[3] Put simply: they are illegal products. Challenging House Bill 11 is simply an attempt to

---

[2] This provision states: ". . . A new tobacco product may not be introduced or delivered for introduction into interstate commerce under this part until FDA has issued a marketing granted order for the product."

[3] Plaintiffs further argue that the selling of the unauthorized products are "de facto legal" because of their "good-faith reliance" on the FDA's "official policy of deferred enforcement." (DE 26 at 4.) Only for the purpose of evaluating standing, the Court finds this argument unconvincing. Not only was the referenced 2020 FDA guidance noted to be "subject to change[,]" it explicitly states that companies "cannot have settled expectations to market unlawful products[.]" U.S. FOOD & DRUG ADMINISTRATION, *Enforcement Priorities for Electronic Nicotine Delivery Systems (ENDS) and Other Deemed Products on the Market Without Premarket Authorization (Revised)* at 27 (2020), available at https://www.fda.gov/regulatory-information/search-fda-guidancedocuments/enforcement-priorities-electronic-nicotine-delivery-system-ends-and-other-deemedproducts-market (hereinafter "2020 Guidance"). "Deferred enforcement" is not "no enforcement." The instant matter is unlike the cases cited by Plaintiff, see *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142 (2012) and *Wages & White Lion Inv., L.L.C. v. FDA*, 90 F.4th 357 (5th Cir. 2024), because it does not involve an agency interpretation of an ambiguous regulation or reliance on the agency's *prior* position. Here, the relevant federal regulation is clear that delivering unapproved tobacco products into interstate commerce is unlawful. Plaintiffs also indicate that they are relying on the agency's *new* position, not its prior position. It is simply unreasonable for Plaintiffs to rely on the 2020 FDA guidance as approval of their selling of unlawful products.

evade enforcement against their selling of illegal products, and "[t]his interest in evading the law cannot create standing[.]" *Initiative & Referendum Inst.*, 450 F.3d at 1093. "[A] plaintiff's complaint that the defendant's actions will make his criminal activity more difficult lacks standing because his interest is not legally protected." *Id.* (quotation marks omitted); *see also E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 764 (9th Cir. 2018) (finding that asylum-seekers did not have standing to assert a right to cross the border illegally); *Ga. Atlas, Inc. v. Turnage*, 594 F. Supp. 3d 1339, 1344 (N.D. Ga. 2022) (finding that the plaintiffs lacked standing because they did not have a federal constitutional or statutory right to manufacture, distribute, or possess contraband); *Shulman v. Kaplan*, 19-CV-5413, 2020 WL 7094063, at *2 (C.D. Cal. Oct. 29, 2020) (finding that awarding "lost profits" from plaintiff's "cannabis cultivation operation" "would contravene federal law" and "provide a remedy for actions that are unequivocally illegal under federal law").

Ultimately, the Court is not persuaded by Plaintiffs' attempt to shift its legally protected interest from selling unlawful products to being free from alleged unlawful state regulation. Plaintiffs' claimed injuries—unrecoverable economic damages and the loss of customer goodwill—both stem not from state regulation, but the inability to deliver unlawful vapor products into interstate commerce. A leading civil procedure treatise summarizes this issue well: "Standing would not be recognized for a smuggler who asserted that his drug traffic was disrupted. Although the smuggler had been injured in fact, and the inspection procedures might indeed be unlawful, the asserted interest is not one the courts will protect." 13A C. Wright, A. Miller, & E. Cooper, Fed. Prac. & Proc. Juris. § 3531.4 (3d ed. 2023) (footnote omitted). Even if Plaintiff is correct that the ABC is not the proper arm to enforce the regulation of vapor products, their true interest in distributing unlawful vapor products in the Commonwealth of Kentucky is not one that federal courts will protect. The Court cannot, and will not, find that anyone has a legally protected interest in violating unambiguous federal law.

## III.

For the aforementioned reasons, the Court hereby ORDERS as follows:

1. this action is DISMISSED for lack of standing; and

2. a judgment will be entered with the entry of this order.

This 30th day of January, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY